**UNITED STATES FEDERAL COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

**CASE NO.: 1:26-cv-20455**

DASLYN HALL,

    Plaintiff,

v.

CAINE & WEINER COMPANY, INC.,

    Defendant.

_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff alleges violations of the Fair Debt Collection Practices Act §§ 1692 *et seq*. ("FDCA") against Defendant Caine & Weiner Company, Inc. for unlawful collection conduct.

**JURISDICTION AND VENUE**

1. This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question) and 15 U.S.C. § 1692k(d), which confers jurisdiction on federal district courts over FDCPA claims without regard to the amount in controversy.

2. Venue is proper in the Southern District of Florida pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to the claims occurred in this District, including the collection activities and credit reporting directed at Ms. Hall, who resides in Miami-Dade County, Florida.

**PARTIES**

3. Plaintiff Daslyn Hall is an individual and citizen of the State of Florida who resides in Miami-Dade County, Florida.

4. Defendant is a foreign profit corporation with its principal place of business at 5805 SEPULVEDA BLVD, FL 4 SHERMAN OAKS, CA 91411-2532.

## FACTUAL ALLEGATIONS

5. A family member of Ms. Hall stole her personal identifying information—including her name, address, Social Security number, and date of birth—without her knowledge, consent, or authorization.

6. The identity thief used Ms. Hall's stolen personal information to open a car insurance policy with Progressive Select Insurance Company, account number 991545884.

7. Ms. Hall did not apply for the Progressive insurance policy.

8. Ms. Hall did not authorize anyone to open the Progressive account in her name.

9. Ms. Hall did not sign any application, contract, or agreement for the Progressive account.

10. Ms. Hall received no benefit from the Progressive account.

11. The identity thief has since been arrested for crimes including, upon information and belief, the identity theft at issue in this case.

12. The alleged debt that Caine & Weiner sought to collect from Ms. Hall stems entirely from this criminal identity theft.

13. Ms. Hall owes nothing on the Progressive account because she never incurred the debt.

14. Progressive Select Insurance Company assigned or placed the alleged debt from the fraudulent Progressive account with Caine & Weiner for collection.

15. Caine & Weiner commenced collection activity against Ms. Hall on the fraudulent Progressive Account.

16. This activity included furnishing information about the alleged debt to one or more consumer reporting agencies.

17. A minimally competent debt collector exercising reasonable care would have verified that it was pursuing the actual debtor before reporting the debt to credit bureaus and causing the damage described herein.

18. In June or July 2025, a collection account from Caine & Weiner appeared on Ms. Hall's credit report.

19. This was the first time Ms. Hall became aware that anyone was attempting to collect the fraudulent Progressive account debt from her.

20. The reporting of the Caine & Weiner collection account immediately and materially damaged Ms. Hall's credit score and creditworthiness.

21. Caine & Weiner's reporting of the fraudulent debt damaged Ms. Hall's credit standing with the consumer reporting agencies.

22. Ms. Hall's credit score declined as a direct result of Defendant's conduct.

23. Ms. Hall suffered emotional distress, including anxiety, frustration, and embarrassment, as a result of being pursued for a debt she does not owe and having her credit damaged by the actions of Defendant.

24. Ms. Hall has expended time and effort attempting to address and dispute the fraudulent collection account.

**COUNT I – DEFENDANT'S VIOLATIONS OF THE
FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. § 1692e**

25. Plaintiff incorporates and realleges Paragraphs 1 through 23 above as though fully set forth herein.

26. Ms. Hall is a "consumer" as defined by 15 U.S.C. § 1692a(3).

27. Caine & Weiner is a "debt collector" as defined by 15 U.S.C. § 1692a(6). The principal purpose of Caine & Weiner's business is the collection of debts owed or due, or asserted to be owed or due, to another. Caine & Weiner also regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due, to another.

28. The alleged debt that Caine & Weiner sought to collect from Ms. Hall is a consumer debt as defined by 15 U.S.C. § 1692a(5). The Progressive Account was a personal automobile insurance policy. The obligation allegedly arising from the Progressive Account was incurred, or alleged to have been incurred, primarily for personal, family, or household purposes—namely, personal automobile insurance coverage. The alleged obligation was not incurred for any business or commercial purpose.

29. Caine & Weiner regularly engages in the collection of debts owed or allegedly owed to others and uses the mails and telephone to collect debts from consumers residing in Florida.

30. Section 1692e of the FDCPA prohibits debt collectors from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e.

31. Section 1692e(2)(A) specifically prohibits "[t]he false representation of the character, amount, or legal status of any debt." 15 U.S.C. § 1692e(2)(A).

32. Section 1692e(10) prohibits "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt." 15 U.S.C. § 1692e(10).

33. Caine & Weiner violated 15 U.S.C. § 1692e by using false, deceptive, and misleading representations in connection with its attempts to collect the fraudulent Progressive account debt from Ms. Hall, including by representing that Ms. Hall owed a debt that she did not owe, including by reporting the debt to consumer reporting agencies to pressure payment.

34. Caine & Weiner violated 15 U.S.C. § 1692e(2)(A) by falsely representing the legal status of the alleged debt—namely, by representing that Ms. Hall owed the debt when she did not, including by reporting the debt to consumer reporting agencies to pressure payment.

35. Caine & Weiner violated 15 U.S.C. § 1692e(10) by using the false representation that Ms. Hall owed the debt as a means to attempt to collect the debt, including by reporting the debt to consumer reporting agencies to pressure payment.

36. Caine & Weiner's violations of 15 U.S.C. § 1692e were knowing and willful. Caine & Weiner is in the business of collecting debts and knows or should know its obligations under the FDCPA. A competent debt collector would have taken steps to verify that the person it pursued actually owed the debt before damaging that person's credit.

37. As a direct and proximate result of Caine & Weiner's violations of 15 U.S.C. § 1692e, Ms. Hall has suffered actual damages including damage to her credit and creditworthiness, emotional distress, and expenditure of time and effort in addressing Defendant's unlawful conduct.

**COUNT II – DEFENDANT'S VIOLATIONS OF THE FAIR
DEBT COLLECTION PRACTICES ACT 15 U.S.C. § 1692f**

38. Plaintiff incorporates and realleges Paragraphs 1 through 33 above as though fully set forth herein.

39. Ms. Hall is a "consumer" as defined by 15 U.S.C. § 1692a(3).

40. Caine & Weiner is a "debt collector" as defined by 15 U.S.C. § 1692a(6). The principal purpose of Caine & Weiner's business is the collection of debts owed or due, or asserted

to be owed or due, to another. Caine & Weiner also regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due, to another.

41. The alleged debt that Caine & Weiner sought to collect from Ms. Hall is a consumer debt as defined by 15 U.S.C. § 1692a(5). The Progressive Account was a personal automobile insurance policy. The obligation allegedly arising from the Progressive Account was incurred, or alleged to have been incurred, primarily for personal, family, or household purposes—namely, personal automobile insurance coverage. The alleged obligation was not incurred for any business or commercial purpose.

42. Caine & Weiner regularly engages in the collection of debts owed or allegedly owed to others and uses the mails and telephone to collect debts from consumers residing in Florida.

43. Section 1692f of the FDCPA prohibits debt collectors from using "unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f.

44. Section 1692f(1) specifically prohibits "[t]he collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the debt agreement creating the debt or permitted by law." 15 U.S.C. § 1692f(1).

45. Caine & Weiner violated 15 U.S.C. § 1692f by using unfair and unconscionable means to collect the alleged debt, including by attempting to collect a debt from a person who does not owe it and damaging that person's credit to coerce payment.

46. Caine & Weiner violated 15 U.S.C. § 1692f(1) by attempting to collect the full amount of the alleged debt from Ms. Hall when no debt agreement between Ms. Hall and

Progressive or any other creditor authorized the collection of any amount from Ms. Hall. Ms. Hall never entered into any agreement creating the debt at issue.

47. Caine & Weiner's violations of 15 U.S.C. § 1692f were knowing and willful. Caine & Weiner knew or should have known that it was pursuing collection from someone who did not owe the debt and had no contractual obligation to pay.

48. As a direct and proximate result of Caine & Weiner's violations of 15 U.S.C. § 1692f, Ms. Hall has suffered actual damages including damage to her credit and creditworthiness, emotional distress, and expenditure of time and effort in addressing Defendant's unlawful conduct.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Daslyn Hall respectfully requests that this Court enter judgment in her favor and against Defendant Caine & Weiner Company, Inc. and award the following relief:

A. Actual damages sustained by Plaintiff as a result of Defendant's violations of the FDCPA, including but not limited to damages for harm to credit, emotional distress, and out-of-pocket losses, pursuant to 15 U.S.C. § 1692k(a)(1);

B. Statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A);

C. Reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3);

D. Pre-judgment and post-judgment interest as permitted by law;

E. Such other and further relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all issues so triable.

Dated: January 23, 2026              Respectfully submitted,

*/s/ Joshua E. Feygin*
JOSHUA FEYGIN, ESQ.
FL Bar No.: 124685
Email:  Josh@JFeyginesq.com
SUE YOUR DEALER – A LAW FIRM

4601 Sheridan Street  
Suite 205  
Hollywood, FL 33021  
Tel: (954) 228-5674  
Fax: (954) 697-0357