UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

DASLYN HALL,

    Plaintiff,

v.

                                  Case No. 1:26-cv-20455-RKA

CAINE & WEINER COMPANY, INC.,

    Defendant.

_____/

**DEFENDANT, CAINE & WEINER COMPANY, INC.'S, ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT**

Defendant, Caine & Weiner Company, Inc. (C&W), through counsel and under the Federal Rules of Civil Procedure, submits this Answer and Affirmative Defenses to the Complaint filed by plaintiff, Daslyn Hall (plaintiff), and states:

**JURISDICTION AND VENUE**

    1.    C&W denies the allegations in ¶ 1.

    2.    C&W denies the allegations in ¶ 2.

**PARTIES**

    3.    Upon information and belief, C&W admits the allegations in ¶ 3.

    4.    C&W admits it is a corporation and has an office located at 5805 Sepulveda Blvd, Fl 4 Sherman Oaks, CA 91411-2532.  Except as specifically admitted, C&W denies the allegations in ¶ 4.

**FACTUAL ALLEGATIONS**

    5.    C&W denies the allegations in ¶ 5 for lack of knowledge or information sufficient to form a belief therein.

6. C&W denies the allegations in ¶ 6.

7. C&W denies the allegations in ¶ 7.

8. C&W denies the allegations in ¶ 8.

9. C&W denies the allegations in ¶ 9.

10. C&W denies the allegations in ¶ 10.

11. C&W denies the allegations in ¶ 11 for lack of knowledge or information sufficient to form a belief therein.

12. C&W denies the allegations in ¶ 12.

13. C&W denies the allegations in ¶ 13.

14. C&W admits an account in plaintiff's name was placed with it for collection. Except as specifically admitted, C&W denies the allegations in ¶ 14.

15. C&W admits an account in plaintiff's name was placed with it for collection. Except as specifically admitted, C&W denies the allegations in ¶ 15.

16. C&W denies the allegations in ¶ 16.

17. C&W denies the allegations in ¶ 17.

18. C&W denies the allegations in ¶ 18.

19. C&W denies the allegations in ¶ 19.

20. C&W denies the allegations in ¶ 20.

21. C&W denies the allegations in ¶ 21.

22. C&W denies the allegations in ¶ 22.

23. C&W denies the allegations in ¶ 23.

24. C&W denies the allegations in ¶ 24.

## COUNT I — DEFENDANT'S VIOLATIONS OF THE
## FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. § 1692e

25. C&W reasserts the foregoing as if fully stated herein.

26. C&W denies the allegations in ¶ 26 as calling for a legal conclusion.

27. C&W admits part of its business is the collection of debts owed or due to another. Except as specifically admitted, C&W denies the allegations in ¶ 27 as calling for a legal conclusion.

28. C&W denies the allegations in ¶ 28 as calling for a legal conclusion and for lack of knowledge or information sufficient to form a belief therein.

29. C&W admits part of its business is the collection of debts owed to others and it uses the mail and telephone to do so. Except as specifically admitted, C&W denies the allegations in ¶ 29.

30. The FDCPA speaks for itself and is the best evidence of its content. To the extent the allegations in ¶ 30 state otherwise, denied.

31. The FDCPA speaks for itself and is the best evidence of its content. To the extent the allegations in ¶ 31 state otherwise, denied.

32. The FDCPA speaks for itself and is the best evidence of its content. To the extent the allegations in ¶ 32 state otherwise, denied.

33. C&W denies the allegations in ¶ 33.

34. C&W denies the allegations in ¶ 34.

35. C&W denies the allegations in ¶ 35.

36. C&W denies the allegations in ¶ 36.

37. C&W denies the allegations in ¶ 37.

## COUNT II— DEFENDANT'S VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. § 1692f

38. C&W reasserts the foregoing as if fully stated herein.

39. C&W denies the allegations in ¶ 39 as calling for a legal conclusion.

40. C&W admits part of its business is the collection of debts owed or due to another. Except as specifically admitted, C&W denies the allegations in ¶ 40 as calling for a legal conclusion.

41. C&W denies the allegations in ¶ 41 as calling for a legal conclusion and for lack of knowledge or information sufficient to form a belief therein.

42. C&W admits part of its business is the collection of debts owed to others and it uses the mail and telephone to do so. Except as specifically admitted, C&W denies the allegations in ¶ 42.

43. The FDCPA speaks for itself and is the best evidence of its content. To the extent the allegations in ¶ 43 state otherwise, denied.

44. The FDCPA speaks for itself and is the best evidence of its content. To the extent the allegations in ¶ 44 state otherwise, denied.

45. C&W denies the allegations in ¶ 45.

46. C&W denies the allegations in ¶ 46.

47. C&W denies the allegations in ¶ 47.

48. C&W denies the allegations in ¶ 48.

## C&W'S AFFIRMATIVE DEFENSES

1. Upon information and belief, this Court lacks jurisdiction due to the presence of mandatory binding arbitration in the account agreement.

2. Pursuant to 15 U.S.C. § 1692k(c), to the extent that any violations are established, any such violations were not intentional and resulted from bona fide error notwithstanding the maintenance of procedures reasonably adopted and specifically intended to avoid any such error.

3. C&W denies any liability; however, regardless of liability, plaintiff has suffered no actual damages as a result of C&W's purported violations.

4. One or more claims asserted by plaintiff is barred by the statute of limitations, laches, estoppel, waiver and/or unclean hands.

5. Assuming that plaintiff suffered any damages, she has failed to mitigate her damages or take other reasonable steps to avoid or reduce her damages.

6. Any harm suffered by plaintiff was legally and proximately caused by persons or entities other than C&W and were beyond the control or supervision of C&W or for whom C&W was and is not responsible or liable.

7. Plaintiff has failed to state a claim against C&W upon which relief may be granted.

WHEREFORE, Defendant, Caine & Weiner Company, Inc., requests the Court dismiss this action with prejudice and grant it any other relief the Court deems appropriate.

Respectfully submitted,

*/s/ Rachel M. Fleishman*
Rachel M. Fleishman, Esq.
Florida Bar No. 1026438
Dayle M. Van Hoose, Esq.
Florida Bar No. 0016277
SESSIONS, ISRAEL & SHARTLE, LLC
3350 Buschwood Park Drive, Suite 130
Tampa, Florida 33618
Telephone: (813) 775-2170
Facsimile: (877) 334-0661
rfleishman@sessions.legal
dvanhoose@sessions.legal

*Counsel for Defendant,*
*Caine & Weiner Company, Inc.*

## CERTIFICATE OF SERVICE

I certify that on March 3, 2026, a copy of the foregoing was filed electronically in the CM/ECF system. Notice of this filing will be sent to the parties of record by operation of the Court's electronic filing system, including plaintiff's counsel as described below.

| | |
|---|---|
| JOSHUA FEYGIN, ESQ. | Darren R. Newhart, Esq. |
| Email: Josh@JFeyginesq.com | E-mail: darren@newhartlegal.com |
| SUE YOUR DEALER — A LAW FIRM | NEWHART LEGAL, P.A. |
| 4601 Sheridan Street, Suite 205 | 14611 Southern Blvd. Suite 1351 |
| Hollywood, FL 33021 | Loxahatchee, FL 33470 |

*/s/ Rachel M. Fleishman*
Attorney